## CRANE ET AL. V. CHANDLER.

1. The chattel mortgage act, upon compliance with which the mortgagor may retain possession of the property mortgaged, is in derogation of the common law and must be strictly construed. To be valid as against third persons no provision of the act can be neglected.

2. Section 10, p 124 Gen. Laws, does not dispense with the requisites to the validity of a chattel mortgage, except the recording thereof when the adversary party has actual notice.

3. Without an acknowledgment or memorandum a chattel mortgage may be valid as between the parties, but it has no effect upon the rights of third parties acting in good faith.

*Appeal from District Court of Arapahoe County.*

THE facts are stated in the opinion.

Mr. J. W. HORNER and Mr. R. D. THOMPSON, for appellants.

Messrs. MILES and ANDREWS, for appellee.

THATCHER, C. J.   The appellants brought suit in attachment against one H. M. Behymer, and under the writ the sheriff seized a certain lot of personal property.   Mrs. Chandler filed her interplea, claiming the property.   At the trial of the issue on the interplea, she sought to establish her right to the property by introducing in evidence two certain chattel mortgages.   It was objected that the notary public before whom the mortgages were acknowledged, had failed to make a memorandum thereof in his docket, in conformity with the statute.   Is the memorandum essential to the validity of a mortgage as against the rights and interests of third persons?

The chattel mortgage act, upon compliance with which the mortgagor may retain possession of the personalty mortgaged, is in derogation of the common law, and therefore to be strictly construed.   To be valid as against third persons, no provision of the act can be neglected.   It is necessary, *first*, that the

notary or justice of the peace in the precinct where the mort-
gagor resides, shall take the acknowledgment of the mortgage
in the manner prescribed by the act; *second*, that such notary
or justice of the peace shall make in his docket a memoran-
dum thereof, in which he shall set out the names of the mort-
gagor and mortgagee, a description of the property mortgaged,
and the date of the acknowledgment; *third*, that the mortgage
shall be then duly recorded in the office of the recorder of the
county wherein the property mortgaged is situated. The court
below ruled in conformity with the views here expressed, but
held that if an attaching creditor had actual notice of such
mortgage, it was, as to such creditor, as valid as though all the
requirements of the statute had been complied with.

The court based its ruling upon section ten of the act (Gen'l
Laws. p. 124):—"Any person who may buy or otherwise
obtain any interest in any personal property which is mort-
gaged *in pursuance of this act*; but the mortgage of which
has not been recorded, and with actual notice of such mort-
gage, shall be deemed to have bought or obtained such inter-
est in such property subject to such mortgage, the same as
though such mortgage had been properly recorded." There
was some evidence tending to show that the appellants had
notice of the mortgages. Upon no reasonable construction of
section ten, can it be asserted that any of the requisites to the
validity of a chattel mortgage are dispensed with (where the
adversary party has actual notice), except the recording there-
of. As the statute in such case only waives the recording of
the instrument, it is clear that it must still be executed, ac-
knowledged, and a memorandum thereof taken by the certify-
ing officer as in other cases. Without an acknowledgment
or memorandum, a chattel mortgage is valid as between the
parties, but it has no effect upon the rights of third parties
acting in good faith, and " there is no want of good faith on
the part of a creditor in levying upon his debtor's property,
included in a chattel mortgage which the law declares void as
to him." *Porter* v. *Dement*, 35 Ill. 478 ; *McDowell* v. *Stew-*

*art*, 83 Ill. 540. The ruling of the court was erroneous in admitting the mortgages to be read in evidence, without the demanded proof that they were duly acknowledged and a memorandum thereof taken. As the mortgages are not set out in the statement on appeal, we are not even informed whether there was a stipulation therein allowing the mortgagor to retain possession of the property, nor whether aside from the memorandum, the acknowledgment was properly taken. Judgment reversed and cause remanded.

*Reversed.*