[No. 939.   August 28, 1902.]

CHARLES HEISCH, Appellee, v. J. L. BELL & CO.,
Appellants.

### SYLLABUS.

1.   A bill of sale given by a debtor to a creditor, upon personal property of which there is a change of possession, is valid between the parties, whether the same is acknowledged and recorded or not.

2.   In such case, if the property covered by the bill of sale is the exempt property of the debtor, such bill of sale is valid as against third parties also.

3.   Such sale is not in fraud of creditors, as a debtor may dispose of his exempt property at will.

4.   Where appellant insists in the court below that a bill of sale is a mortgage and damages are assessed by the court upon that basis; appellant will not be heard to complain of the measure of damages correctly assessed according to appellant's contention.

5.   Where the undisputed facts show that the defendants can not recover, and the court would be compelled to set aside a verdict in favor of the defendants, it is not error for the court to direct a verdict for plaintiff.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice.   Affirmed.

FERGUSSON & GILLETT for appellants.

A fair and impartial trial is a constitutional right.
Roper v. Territory, 7 N. M. 255.

The discretion of a court must always be exercised in conformity to law and the usages of courts, and if not so exercised is susceptible of being reviewed in a superior tribunal.

Ward v. Broadwell, 1 N. M. 75; United States v. Lewis, 2 N. M. 459; Sanches v. Candelara, 5 N. M. 400; Money's Digest, p. 39, sec. 202; Cathcart v. Rogers, 87 N. W. 738.

It is in the discretion of a court to re-open a case for the introduction of evidence.

United States v. Folsom, 7 N. M. 532.

Replevin and the assessment of damages therein are peculiarly matters for the jury.

Cobbey on Replevin, secs. 859 and 850.

In no case is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own views of the facts in evidence.

Whipple v. The Cumberland Mfg. Co., 2 Story 661-670; Barry v. Edmunds, 116 U. S. 565.

The evidence being conflicting the case should have been submitted to the jury.

Railroad Co. v. Stout, 17 Wall. 665; Chaves v. Chaves, 3 N. M. 300; Kirchner v. Laughlin, 4 N. M. 389; Lockhart v. Wills, 9 N. M. 344.

The evidence so far as heard entitled defendants to go to the jury.

Laidlaw et al. v. Organ, 2 Wheat. 178; Stewart v. Wyoming Cattle Ranch Co., Limited, 128 U. S. 383; Bartlett et al. v. Smith, 17 Fed. 668.

The question of the bona fides, should have been submitted to the jury.

Thompson on Trials, secs. 1171, 1333 and 1345.

An absolute bill of sale of a chattel not accompanied and followed by possession is per se fraudulent.

Hamilton v. Russell, 3 Cranch 415; Hamilton v. Franklin et al., 2 Fed. Cases 340, case No. 5981.

Delivery is necessary to transfer chattels as against attaching creditors.

Tiffany on Sales, p. 129 et seq. and citations; Scott v. Leonard, 30 So. 41.

B. F. ADAMS for appellee.

A debtor may do as he chooses with property which is exempt by statute from levy and forced sale.

Prouett v. Vaugh, 52 Vt. 451; 1 Shinn, Attachment and Garnishment, sec. 111, p. 166, and sec. 122, p. 181; Wyman v. Wilmarth, 46 N. W. 193; Story's Equity Jurisprudence, sec. 367, and cases cited; First Nat. Bk. v. North, 51 N. M. 99.

If property is exempt under the statute, parties dealing with the owners must take notice of that fact.

Carver v. Chapell, 37 N. W. 789; Skinner et al. v. Shannon et al., 6 N. W. 108; Rupell v. Lennon, 39 Wis. 590; Stewart v. Brown, 37 N. Y. 350; 12 Am. and Eng. Ency. of Law, p. 208; Anderson v. Odell, 51 Mich. 492; Tracy v. Coover, 28 O. St. 61; Arthur v. Wallace, 8 Kan. 267; Wait v. Mathews, 15 N. W. (Mich.) 524.

There is no question of fraud in this case, as the property was exempt from execution. The presumption of fraud arising from the fact that the mortgagor of chattels has retained and used them may be repelled by proof that they are exempt from execution.

Patten v. Smith, 4 Conn. 450 and 10 Am. Dec. 66; Carver v. Chapell et al., 37 N. W. 879; 12 Am. and Eng. Ency. of Law (2 Ed.), p. 221, note; Foster v. McGregor, 11 Vt. 595.

Unless the thing conveyed be something which the law would appropriate to the payment of a debt, the conveyance cannot be fraudulent.

Fellows v. Lewis, 65 Ala. 343, 39 Am. 1; Taylor v. Duesterberg, 109 Ind. 165; Antony v. Wade, 1 Bush (Ky.) 110; Legro v. Lord, 10 Me. 161; O'Connor v. Ward, 60 Miss. 1025;

Hoyt v. Goodfrew, 88 N. Y. 669; Smillie v. Quinn, 90 N. Y. 492; Wagner v. Smith, 13 Lea (Tenn.) 560.

The doctrine that a bill of sale not accompanied and followed by possession is per se fraudulent has long since been overruled.

14 Am. and Eng. Ency. of Law, (2 Ed.), p. 362 and note; Warner v. Norton, 2 How. 448; Crawford v. Neal, 144 U. S. 585.

The payment of a valuable and adequate consideration rebuts the presumption of fraud.

Scott v. Winship, 20 Ga. 429; Densmore Commission Co. v. Shong, 98 Wis. 380; Bullis v. Borden, 21 Wis. 136; Somerville v. Horton, 4 Yerg. (Tenn.) 541; 26 Am. Dec. 242.

Where plaintiff offered to introduce testimony as to the damage which had been caused him by the seizure of his property, defendants objected and the court sustained their objections. They cannot now therefore complain of the action of the trial court in that regard.

2 Ency. of Pl. and Pr., p. 519 and 516; 11 Am. and Eng. Ency. of Law (2 Ed.), p. 488; 2 Cyclo. of L. and P., 670-5.

If the bill of sale be construed to be a mortgage, then the property was not subject to levy or attachment.

1 Shinn on Attachments, sec. 64; Pickinbaugh v. Quinlin, 12 N. W. Rep. 105; Burnham v. Doolittle, 15 N. W. 607; Drake on Attachment, par. 539; 1 Shinn on Attachment and Garnishment, sec. 212; Hammon on Chattel Mortgages, p. 216, sec. 68; Wood v. Franks, 56 Cal. 216.

Where a certain measure of damages has by the parties been accepted at the trial as the proper one it must be adhered to on appeal.

Cleveland, etc., R. Co. v. Stephens, 173 Ill. 430, 51 N. E. 69; Wiseman v. Culver, 121 Mo. 14, 25 S. W. 540.

The remark of the court, "I intend to instruct for the plaintiff" was not harmful, because the case was not left to the jury.

Our system of appeals is founded on public policy, and appellate courts will not encourage litigation by reversing judgments for technical, formal or other errors which the record affirmatively shows could not have prejudiced the appellants' rights.

> Faulkner v. Territory, 30 Pac. 905; Miller v. Preston, 4 N. M. 314; Denver, etc., R. Co. v. Harris, 3 N. M. 109; Lacy v. Woodward, 25 Pac. 785.

The trial court properly took the case from the jury. The defendants did not deny that Cooper was indebted to Heisch in a sum greatly in excess of the amount of the consideration of the bill of sale. They did not deny that the property conveyed was exempt to Cooper. The court admitted their contention that the bill of sale was for security. Therefore the case resolved itself into a question of law for the court; and the court properly directed a verdict. To have done otherwise would have been error.

Defendants are now estopped from complaining of the action of the court.

> 2 Ency. of Pl. and Pr., pp. 516 and 519; 2 Cyclo. of L. and P., pp. 674 and 702.

The statute requiring chattel mortgages to be recorded does not need to be complied with between the parties.

> Hammon on Chattel Mortgages, p. 116; Machette v. Wanless, 2 Col. 169; Crane v. Chandler, 5 Col. 21; Hanselt v. Harrison, 105 U. S. 401; Liggett & Myers Tobacco Co. v. Collier, 56 N. W. 417; see also, Tannahill v. Tuttle, 61 Am. Dec. 480.

STATEMENT OF THE CASE.

One Harry Cooper was justly indebted to both the plaintiff and defendants, Bell & Company, in the spring of 1901. Cooper executed a bill of sale to the plaintiff April 30, 1901, of the personal property involved in this suit, but the plaintiff did not remove the property from the room, in which it was when Cooper gave the bill of sale. The bill of sale was filed for record and was recorded May 1, 1901. Some time after this bill of sale was given to the plaintiff, the defendants, Bell & Company, brought an attachment suit against Cooper, and defendant Smith, as a constable, attached and took possession of the property involved, as the property of Cooper, but the plaintiff was not made a party to the suit. Bell & Company recovered against Cooper and advertised the property for sale. Plaintiff Heisch made demand in writing upon defendants for immediate possession of the property attached, claiming the same under the bill of sale, but defendants refused to surrender the property. On the nineteenth day of July, 1901, and prior to the sale of the property, Cooper, in writing, claimed the property as exempt under the statute, the notice being in compliance with the law. Smith ignored the demand for possession by Heisch, and had no appraisement made as required by law, where property seized is claimed to be exempt from sale.

The plaintiff instituted this suit which is in the nature of replevin, in which he claimed ownership and right of possession and prayed for return of the property or damages in the sum of three hundred dollars, prior to the sale of the property by the defendants. The property was sold by Smith for the benefit of Bell & Company, Cooper becoming the purchaser through his agent, but the record does not show when the sale was made. The record states that at the close of the evidence the court, over the objection of the defendants' counsel, directed a verdict for the plaintiff, and the jury returned

a verdict for the plaintiff and assessed damages at $300 in the alternative. Judgment was rendered in accordance with the verdict and the defendant appealed and brought the case to this court.

OPINION OF THE COURT.

McFIE, J.—The first issue for this court to determine is that relating to the validity of the bill of sale. Appellants contend that what purports to be a bill of sale, was intended to be a mortgage. Upon this issue the plaintiff testified that the bill of sale was given as an absolute purchase; that he took immediate possession of the property by placing one Pinckney, as his agent, in charge of it, and although the property remained in the same room as before, he saw Cooper deliver the key to Pinckney, and that he arranged with the agent of the owner of the room to pay the rent. The plaintiff is corroborated by Pinckney and by Fisher, the agent of the owner of the building, and there is no evidence to the contrary. The contention of defendant's counsel, that the possession of the property did not change from Cooper to the plaintiff can not be sustained. Even if the possession did not change, it is only prima facie evidence of fraud, which may be rebutted by proof showing the bona fides of the transaction, which was done in this case. Warner v. Norton, 20 How. 448; Crawford v. Neal, 144 U. S. 585. Cooper's claim that the property seized was exempt property, has an important bearing in this case. Defendants attached the property as that of Cooper, the plaintiff not being made a party to the suit. Cooper gave the defendants notice in writing that he claimed the property as exempt he being the head of a family; that he had no homestead; that the property seized did not exceed in value three hundred dollars, and that he had no other property except such as was specifically exempt such as household goods and wearing ap-

parel. Section 1753, Compiled Laws 1897 is as follows: "Any resident of this Territory who is a head of a family, and not the owner of a homestead, may hold exempt from levy and sale real or personal property to be selected by such person, his agent or attorney, at any time before the sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted."

This notice and claim seems to comply with the requirements of the statute and it had the effect of making it the duty of the defendant Smith, the officer in charge, to ascertain the amount and value of the property by appraisement as required by section 1745, Compiled Laws 1897, which provides: "In all cases where it is necessary to ascertain the amount or value of personal property exempt under this act, it shall be estimated and appraised by two disinterested householders of the county, to be selected by the officer holding the execution or attachment, and by him sworn to impartially make such appraisement."

So far as the record discloses the defendant sold the property without any attempt to ascertain the amount and value thereof. The rights of Cooper as against the defendants can not be adjudicated in this case, but this claim of exemption, taken in connection with his testimony to the truth of his claim and exemption, serves to remove any fraud in connection with the execution of the bill of sale. There being no proof, or offer to prove, that the property was not exempt, for the purposes of this case, it must be conceded that the property conveyed by the bill of sale and seized and sold by the defendants, was, at the time, exempt by law from seizure and sale. There could be no fraud in Cooper's disposing of his exempt property as he saw fit, for it was not subject in any event to forced sale for the payment of the debt of the defendants, Bell & Company. It is immaterial that the bill of sale was not acknowledged; it was good between the parties, and so far as it relates to

exempt property, it is good as to all other unsecured creditors, as they are not in a position, legally, to complain. The defendants were not injured, as they were not placed in any worse position than before. The assignment of error, that the court took an issue of fraud from the jury, can not be sustained. Machette v. Wanless, 2 Colo. 169; Crane v. Chandler, 5 Colo. 21; Hanselt v. Hanison, 105 U. S. 401; Liggett & Myers Tobacco Company v. Collier, 56 N. W. 417; Tannehill v. Tutle, 61 Amer. Decs. 480; Carver v. Chapell, 37 N. Dak. 879; Ruppell v. Lennon, 39 Wis. 590; Stewart v. Brown, 37 N. Y. 350; Skinner et al. v. Shannon, 6 N. W. 108; Pronet v. Vaugh, 52 Vt. 451; 1 Shiner on A., secs. 111 and 112; Wymas v. Wilmarth, 46 N. W. 193; First Nat. Bank v. North, 51 N. Dak. 99; Anderson v. Odell, 51 Mich. 492; Tracy v. Coover, 28 Ohio St. 61; Arthur v. Wallace, 8 Kan. 267; Waite v. Mathews, 15 N. W. 524; 12 Am. and Eng. Ency. Law, pages 208, 221, 225.

It is objected that the court erred as to the measure of damages. The consideration expressed in the bill of sale is three hundred dollars. If the bill of sale should have been held to be in the nature of a mortgage as defendant's counsel contend, then the mortgage debt of $300 and not the value of the property, would be the correct measure of damages, and this was the amount the court directed the jury to find. So if defendant's contention that the bill of sale was a mortgage is correct, they can not object to the damages, as there was no disputed question of fact as to that; the bill of sale fixed the measure of damages as they were assessed. We can not agree with the contention that the bill of sale was a mortgage, but are of the opinion that it was an absolute sale with a change of possession to the purchaser, and the measure of damages would be the value of the personal property at the time and place where taken, together with damages sustained by reason of the unlawful detention thereof. Compiled Laws 1897, section 2738.

The record shows that the plaintiff was proceeding to prove the value of the property and damages for detention thereof, but as the defendants' counsel objected to such proof and the court sustained the objection, the plaintiff was prevented from making the desired proof. The court erred in sustaining the objection to this proof, but as the error was induced by the defendants, they can not be permitted to take advantage of it in this court, and it is therefore harmless and not reversible error.    2 Ency. of Pl. and Prac., pages 516-519.

The record shows that after the court had instructed the jury to return a certain verdict which was handed them by the court and which was no doubt signed at once, the counsel for defendants made certain offers of proof by the way of making up a record.    These offers therefore were not considered in the lower court and can not be in this.

Ordinarily the assessment of damages is for the jury and not for the court, when the same is a disputed question of fact.  Under the verdict in this case, the judgment being in the alternative, that the defendants *return the property or pay the damages,* it is not clear that the above rule applies to the extent of making error in assessing damages reversible error, as it would seem that the right to return the property in case the damages are excessive is sufficient protection, and if the defendants retain the possession of the property by giving a bond under the statute, as seems to have been done in this case, and disposes of the property so that restitution can not be made if ordered, by the court, the litigant must abide the consequences of his own action although the result may be to deprive him of the benefit of the alternative protection.

The court being of the opinion that the bill of sale was accompanied by an actual delivery and change of possession of the property conveyed by it; that the property conveyed was the exempt property of Cooper who executed the bill of sale, and that even if the bill of sale

were held to operate as a mortgage, the property itself would not be subject to levy and sale, absolutely, without a tender at least of the value of the mortgage debt to the mortgagee.    Therefore, the appellants have no right to recover in any event, and, therefore, it would be the duty of the court to set aside a verdict if the same had been rendered in favor of the defendants upon a trial in this case.  This court has repeatedly held that under such circumstances the court may without error direct a verdict for the opposite party.  Candelario v. Atchison, Topeka & Santa Fe Railroad Company, 6 N. M. 266. That the court directed a verdict for the appellee in this case was not error under the facts disclosed, and, there being no reversible error in the record, the judgment of the court below is affirmed with costs.

. Mills, C. J., Parker, McMillan and Baker, JJ., concur.