Hyde, Jr., v. Elmer.

[No. 1137, February 25, 1907.]

FREDERICK E. HYDE, Jr., Appellee v. JAMES E. ELMER, Sheriff, etc., Appellant.

SYLLABUS (BY THE COURT).

1.    Where an order of return has been made upon the dismissal of a replevin action, and the party originally in

possession accepts a tender of the property and receipts therefor and refuses to deliver the property upon demand; Held, that he has sufficient possession so that replevin will lie against him.

2. The measure of damages where the plaintiff recovers in a replevin suit, where he has taken possession under the writ, is the damage proven by reason of the detention of the property and where there are none proven, nominal damages only.

Appeal from the District Court for San Juan County, before John R. McFie, Associate Justice. Affirmed upon filing of remitittur.

F. C. Perkins, and P. J. Ellis, for Appellant.

A thing done by agreement is a matter of contract, rather than tort, or a violation of plaintiff's rights. But replevin is an action strictly ex delictu, an action in tort. 24 Am. and Eng. Ency. of Law p. 477; Wall v. DeMitkiewiez, 9 App. Cas. (D. C.) 109; Christy v. Ashlock, 93 Ill. Ap. 651; Rector v. Chevalier, 1 Mo. 345; Hecht v. Heimann, 81 Mo. App. 370; May v. Newingham, 17 Pa. Sup. Ct. 469.

A receipt is held inadmissable, as being inferior to the testimony of living witnesses on the question whether personal property was or was not in fact delivered. 17 Cyc. Law and Proc. 494, and cases cited.

A receipt is not sufficient to base a replevin action to recover possession of property referred to in the receipt. Jackson v. Hale, 14 How. U. S. 523, 14 Law. Ed. U. S. Rep. p. 526 (bottom page) and cases cited infra.

Where at the commencement of the action plaintiff himself is in possession of the property, replevin cannot be maintained. Calnan v. Stearns, 153 Mass. 413, 56 N. E. 224; Hickey v. Hinsdale, 12 Mich. 99, 103; Gidday v. Witherspoon, 35 Mich. 368; Barnett v. Selling, 70 N. Y. 496; Wheeler Mfg. Co. v. Teetzlaff, 53 Wis. 211, 10 N. W. 155; Carman v. Ross, 64 Cal. 249; Bacon v. Davis, 30 Mich. 156-7; Morrison v. Lumbard, 48 Mich. 548; Aber v. Bratton, 60 Mich. 357; McHugh v. Robinson, 51 Wis. 565, 37 N. W. 426. A mere constructive detention when not

Hyde, Jr., v. Elmer.

accompanied by manual possession of defendant or his agent, is not sufficient unless an actual taking or detention can be shown. Shinn on Replevin, Sec. 294, citing Wallace v. Brown, 17 Ark. 449; 52 Ia. 389, 3 N. W. 486; Lock v. Perry, Metc. (Mass.) 446; McHugh v. Robinson, 51 Wis. 565, 37 N. W. 426; Capitol Lumb. Co. v. Larned, 59 Pac. 454; Edwards v. Connoly, 61 Tex. 30; Bacon v. Davis, 30 Mich. 157; Aber v. Bratton, 60 Mich. 361; Morrison v. Lumbard, 48 Mich. 548.

Neither the refusal to deliver, nor refusal to permit plaintiff to remove that of which the defendant has neither possession nor control, can amount to unlawful detention. Shinn on Repl. sec. 293; Tozier v. Merriam, 12 Minn. 87.

Instructions must be applicable and limited to the issues raised by the pleadings. Gidday v. Witherspoon, 35 Mich 368; Morrison v. Lumbard, Mich. 548; 11 Enc. Pl. and Pr. 158-162; Calnan v. Stearnes, 153 Mass. 413, 26 N. E. 994; Aber v. Bratton, 60 Mich. 361; 11 Ency. Pl. and Pr. 170.

Where the property is taken on a writ of replevin and turned over to the plaintiff, he is not entitled to a judgment for the value of the property. 24 Am. and Eng. Enc. Law, 515; Barnett v. Bealmear, 79 Md. 36; Merrill v. Butler, 18 Mich. 294; Baird v. Taylor, 30 Mo. App. 580; Hanscom v. Burmood, 35 Neb. 504; Lindauer v. Teeter, 41 N. J. L. 255; Webb v. Hecox, (County Ct.) 27 Misc. (N. Y.) 169; Marrinan v. Knight, 7 Okla. 419; 24 Am. and Eng. Enc. Law 511.

Compiled Laws of 1897, Sec. 2749, is not applicable where defendant was never in possession. Edwards v. Cox, 61 Ill. 567; Shinn on Repl., Sec. 882; Scott v. Rogers, 56 Ill. App. 571; Seigel v. Hanchet, 33 Ill. App. 634; Delby v. Campbell, 26 Id. 502; Harts v. Wendell, 26 Id. 274.

Sureties on the replevin bond would be called on to respond in the event that plaintiffs could not. Mulhall v. McVey, 2 Okl. 534.

GRANVILLE PENDLETON, J. M. PALMER and E. C. ABBOTT, for Appellee.

No levy was required to change possession of property

which by operation of law was constructively in sheriff's possession. Matton v. Sweester, 12th Allen 135, Mass.; Walbridge v. Shaw, 7th Cushing 560, Mass.; Galagher v. Bishop, 15 Wis. 403; Teeple v. Dickey, 94th Ind. 124.

Defendant is estopped from denying his possession by accepting the tender of possession, executing his receipt therefor and placing a custodian in charge thereof. 16 Cyc. 796; Davis v. Wakelee, 156 U. S. 680; Iron Gate Bank v. Brady, 184 U. S. 665; Robb v. Voss, 155 U. S. 13.

### STATEMENT OF FACTS

One Hill recovered a judgment in the District Court of San Juan county against one Richard Weatherill, and had an execution issued which was levied upon the property in controversy, as the property of the execution debtor. Appellee Hyde thereupon brought an action in replevin and took possession of the property under his writ of replevin. The replevin suit was dismissed for some defect in the proceedings, (the nature of which does not appear in the records) and the court ordered a return to the sheriff. No actual return of the property was made, but the sheriff acknowledged receipt of it, in writing; a demand was made upon him for the property, which he refused, and appellee thereupon instituted this action in replevin. The sheriff answered by filing a general denial and afterwards filed an amended answer denying that he unlawfully detained the property in controversy. The cause was tried before a jury, who found for the appellee, and that the value of the property was Seven Hundred Dollars ($700.00). The court thereupon rendered judgment against the appellant, Elmer, for the sum of Seven Hundred Dollars ($700.00) and costs, from which judgment he appeals.

### OPINION OF THE COURT.

MANN, J.—It is an elementary principle of the law of replevin, in the detinet, that the defendant must have the possession or control of the property in controversy at the commencement of the action, the gist of the action being the unlawful detention of the property. It is strictly a possessory action and the right to the possession of the

Hyde, Jr., v. Elmer.

property involved at the commencement of the action is the question at issue. It is claimed that the sheriff, Elmer, did not have the possession and that consequently an action in replevin did not lie against him. It is true that the actual manual possession of the property was not in him at the time this action was commenced, but he had, in the first instance, taken the property under the execution against Weatherill, and at the dismissal of the original case he agreed to and did accept a tender of the property and receipted for the same in writing and upon a demand being made, refused to deliver the same. We think his action clearly estops him from disavowing his possession, and that his exercise of control by appointing a custodian of the property and his refusal to surrender the same on demand, was sufficient possession to maintain this action. Mr. Cobbey, in his excellent work on the Law of Replevin, lays down the following rule: "If the officer's possession, be it actual or constructive, is such that, when interfered with, he could recapture by replevin, then replevin will lie against him." Cobbey on Replevin, Sec. 62.

Measured by this rule there can be little question but what the sheriff in this case is liable. He could, without doubt, have maintained replevin or trespass against a stranger interfering with his property, it having been ordered returned to him and he having receipted therefor.

In Teeple v. Dickey, 94 Ind. 124, it was held that in a case similar to the case at bar, no return whatever was necessary upon the dismissal of an action in replevin for irregularity, where an order of return was made by the court dismissing the first suit. The court there says: "The judgment on the dismissal for the return of the property to the appellant, placed it constructively in his possession. It was necessary for the appellee to bring another action to establish his ownership and right of possession. This we think he might do without restoring the actual possession to the appellant."

In Louthain v. Fitzer, 78 Ind. 449, the Supreme Court of Indiana quotes with approval from Latimer v. Wheeler, 3 Abb. App. as follows:

"In an action for possession of personal property, it is

not necessary to show that defendant had possession in fact when the action was brought. If he had been previously in possession, and was present at the time of a demand on, and refusal by, another person, at the place where the goods were, he cannot defend upon the ground that he had parted with the possession to such person. Any unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain the action."

In view of the facts in this case as heretofore recited, we do not think there was error in the court's instruction Number Seven with reference to the possession of the sheriff, nor in the finding of the jury that he had such possession, by their general verdict against him.

It is urged that the trial court erred in rendering judgment against the defendant, Elmer, for the value of the property as found by the jury, as damages. The plaintiff had already recovered the possession of the property by his writ of replevin, and his measure of damages was not the value of the property, but his damage by reason of the unlawful detention of the same by the sheriff. The rule is thus laid down by Cobbey:

"If the property has been delivered to him on the writ, he is entitled to a judgment affirming his right of possession, and, if title was involved, the right of property and nominal damages and costs, and if he had pleaded and proved it, damages for such sum as will compensate him for the injury he has sustained, by reason of the wrongful taking and detention of the defendant, and any depreciation in value it may have sustained while so wrongfully detained." Young v. Willet, 8 Bosworth, (N. Y.) 486; Stevens v. Tuite, 104 Mass. 328; Fisher v. Whollery, 25 Pa. St. 197; Nashville Ins. Co. v. Alexander, 10 Hump. (Tenn.) 378; 24 Am. & Eng. Enc. of Law, (2nd Ed.) 512 and cases cited.

In this case there was no proof of damages by reason of the detention of the property, and the judgment should have been for nominal damages and costs against the defendant, Elmer.

Upon the filing of a remitittur with the clerk of this

court of six hundred and ninety-nine dollars (699.00) by the appellee, within thirty (30) days the judgment of the lower court will be affirmed, otherwise it will be reversed and remanded for further proceedings.