(No. 1608, August 7, 1914)

ABEL MARTINEZ, Appellant, vs. JUAN VIGIL, Administrator of the Estate of DONACIANO VIGIL, Appellee.

SYLLABUS BY THE COURT.

1. Ordinarily, and except in special circumstances not present in this case, the measure of damages for the conversion of personal property is the value of the property at the time of conversion and interest.

P. 309

2. An instruction in such case which submits to the jury as the measure of damages both the value of the property at the time of conversion and the value of its use during the time of its detention is erroneous.

P. 312

Appeal from District Court, Union County; Thomas D. Leib, Presiding Judge. Reversed and Remanded.

J. LEAHY, Raton, N. M., for Appellant.

Attachment part of case should have been eliminated. Shinn on Attachment, Vol. 1, Secs. 133-137; 5th Kan.

293; 10 S. E. 936; 59 Tex. 249; 148 Fed. 264; 21 Ill. 80; 76 Va. 318; 3 Ill. App. 345; 7 N. M. 43; 2 N. M. 85, 148; 3 N. M. 439; 4 N. M. 210; 6 N. M. 178; 8th Wall 342; 68 Pac. 919; 99 Mass. 47; 11 N. M. 568; Abbott Proof of Facts, 545-546; 6 N. M. 300; 9 N. M. 49; 13 Cyc. 172; Sutherland Damages, 2nd Ed., Sec. 105; 46 Barb. 106; 9 N. M. 105; 24 Minn. 37; 84 Am. Dec. 97; 23 N. J. Eq. 509; 28 N. J. L. 536; 55 N. W. 911; 1 Wkly Law Bul. 788; 22 Wis. 464; 4 Cyc. 508-520, 797, 469, 414; 8 N. M. 658; 5 N. M. 190; 29 Cyc. 747-824; 15 Kan. 563; 88 Pac. 170; 43 Pac. 772; 4 Pac. 221; 36 L. Ed. 917; 3 Cal. 413; 49 Cal. 42; 40 Cal. 543; 4 Pac. 703; 58 Cal. 21.

HUGH J. COLLINS, for Appellee.

Original affidavit makes reference to complaint wherein sufficient facts are specifically stated, though not in exact language of statute, but constitutes substantial compliance therewith. Shinn on Attachment, Vol. 1, p. 230; *supra* 232; 43 Pac. 465-466; 43 N. W. 179; 46 Miss. 246; 10 Ia. 435; Shinn on Attachment, pp. 205, 207, 217, 232, 236, 237, 251; 57 N. W. 41; 4 Green 153; 8 Oreg. 324; 85 Ill. 138; 14 La. 169; 15 Tex. 568; 11 N. Y. 331; 26 S. E. 508; 26 Gratt. 567; 9 Ohio 700; 4 Cyc. 485; 69 N. W. 973; 36 Tex. 625; 6 Hun 483; 40 N. M. 322; 15 Tex. 568; 33 S. W. 275; 36 S. W. 1018; Shinn on Attachment, Vol. 1, pp. 265-299; 85 Ill. 138; 1 G. Ia. 366; 40 Mich. 543; 81 Ind. 24; 11 Ia. 432; 3 N. W. 51; 5 Kan. 287; 5 Ky. L. Rep. 165; 30 Mo. 358; 20 Mo. App. 314; 64 N. C. 150; 12 So. 338; 40 Pac. 866; 41 Pac. 135; 106 U. S. 648; 4 G. Ia. 153, *supra;* 8 Oreg. 324, *supra;* 206, 207; *supra;* 86 Wis. 387, *supra*.

Amended Affidavit. 10 Mo. 273; 7 Kulp 166.

Admissibility of Testimony Non-expert Witnesses. Enc. of Ev., Vol. 5, p. 656; 17 Conn. 249; Enc. Ev., Vol. 5, pp. 657, 658, 662, 700; 94 Ind. 329; 20 N. W. 459; 16 Ala. 776; 24 Ala. 241; 111 U. S. 612; Abbott Proving Facts, 2nd Ed., p. 428; 24 L. R. A. 715; 6 N. M. 300.

Measure of Damages. 104 Fed. 192; 46 N. W. 1058; 34 Fed. 473; 103 Pac. 726; 32 U. S. L. ed. 854; 58 Am. Dec. 124; 10 Tex. 629.

Instructions of court fairly and fully place case before jury. 14 N. M. 535; 13 N. M. 192; 3 N. M. 543, 403.

### Appellant's Reply Brief.

Citations of Counsel. 43 N. W. 179; 57 N. W. 41; 11 N. Y. 331; 26 S. E. 508; 69 N. W. 973; 40 N. W. 322; 4 Cyc. 485.

Instructions. 142 N. W. 235.

Evidence. 17 Conn. 249.

Measure of Damages. Freeman on Judgments, Sec. 122c; 19 Cyc., p. 334; 12 Cyc., pp. 131, 132.

### OPINION.

PARKER, J.—This is an action for damages for the conversion of the sheep, cattle and horses which were conveyed by a certain bill of sale the cancellation whereof is also sought in the same proceeding. There was an attachment issue in the case, and counsel have devoted much of their briefs to questions arising upon the sufficiency of the amended attachment affidavit. We do not understand the materiality of the discussion for the reason that no judgment was rendered upon the attachment issue. There is a recital in the judgment that the court had directed judgment upon the attachment issue, but we find no such judgment in the record. The jury rendered a verdict in favor of the plaintiff upon all the issues involved, but the court rendered simply an ordinary judgment for $3,000, which was the amount of damages awarded by the jury. It therefore becomes immaterial to inquire into the sufficiency of the attachment affidavit.

The cancellation of the bill of sale was sought on the ground that the same was obtained from appellee's decedent when he was *non compos mentis;* that he received no consideration for the conveyance, and that the same was obtained by defendant, and appellant, with full knowledge of plaintiff's incapacity, and with the object of over-

reaching him and obtaining the property for his own use and advantage; that upon receiving the bill of sale appellant recorded the same and converted the property to his own use. It was alleged that the value of the use of the property during the time it was held by appellant was $1,000, and recovery was sought for the same as well as the value of the property at the time of conversion. After the filing of the amended complaint, the plaintiff died, and the present plaintiff and appellee, as administrator of his estate, was substituted.

The appellant complaints of the rule as to the measure of damages which was submitted to the jury by the court and which is, as stated in the eighth instruction, as follows:

"In fixing the amount of said damages you should take into consideration the reasonable value of said property at the time it was so taken, and also the reasonable value of its use from that time until now and allow plaintiff such a sum as in the exercise of sound discretion you may believe from all the facts and circumstances in evidence will be a fair and just compensation for the taking and detention of said property."

This instruction was clearly erroneous. Conversion of personal property amounts to an attempt, on the part of the person doing the act, to wrongfully transfer the title to himself. The bringing of an action of trover amounts to an election on the part of the owner to ratify that which was before illegal, and to make it legal. The title then passes completely as of the date of the illegal taking.

**1** Hence, the rule that the measure of damages for conversion is the value of the property at the time of conversion with interest. 2 Sedgwick on Damages (9th Ed.) Sec. 493; 4 Sutherland on Damages (3rd Ed.), Sec. 1109; 13 Cyc. 170; Cunningham vs. Sugar, 9 N. M. 105.

When, however, the property is returned to the owner, either voluntarily, or at his suit, or by purchase by him, an entirely different principle intervenes. In that case compensation to him would be measured, not by the value of the property attempted to be converted, but by the

deterioration in value, if any, between the time of the illegal taking, and the return to the owner, the reasonable value of its use, if it was of such a character as to be valuable for use, during the period of detention, costs and expenses in recovering the same, and perhaps other items in special circumstances. In this way the injured owner would be fully compensated and this is always the object of the law.

The two principles above stated are necessarily antago-nistic and can have no concurrent application in any given case. If an owner elects to ratify a conversion of his property and thus effect a transfer of the title thereon to the trespasser, he no longer owns the property, has no right to its use, and is damaged only to the extent of its value and interest. If, on the other hand, he disavows the attempted conversion and recovers the property, it was his property all the time, and he may recover for loss of its use, if valuable for use, during the time of its detention. He cannot have both the value of the property at the time of the conversion and the value of its use. This would seem to be clear on reason, and is supported by authority.

"Ordinarily the plaintiff cannot recover the value of the use because he recovers the value of the property as of the time when it was taken from his possession, very much as if it were the case of a forced sale. Consequently it is error to render judgment for rent or hire." 2 Sedgwick on Damages (9th Ed.), Sec. 493a.

"Although the conversion generally deprives the owner of the property, it does not necessarily do so. The property may, on return by the wrongdoer, be accepted. In that case, of course, the measure of damages is not the whole value of the property, but compensation for the injury done to the property, which would usually be the value of the use or interest on the value of the property while it was withheld from the plaintiff together with the deterioration in its market value if any." Id. Sec. 494.

"The reason of the rule that the value of the goods with interest is the measure of damages where the property has not been restored to the owner is that such value is

equal to the goods themselves; and interest thereon is the legal damage for withholding such value. But where the property is returned to the owner the reason for allowing interest ceases after that time; and in place of interest for its previous detention compensation for the use, if valuable, should be allowed." 4 Sutherland on Damages (3rd Ed.), Sec. 1139.

In Texarkana Water Co. vs. Kizer, 63 S. W. 913, it is said:

"The court erred, however, in rendering judgment for the sum of $1,250, when, by its findings, the value was only $1,200. There was also error in rendering judgment for $80 as rents for said property after the bringing of said suit. Ordinarily, the measure of damages for wrongful conversion of property is its value at the date of conversion, with legal interest from that date."

In Ewing vs. Blount, 20 Ala. 694, followed in Renfro's Admx. vs. Hughes, 69 Ala. 581, it is said:

"The reason of the rule that the value of the goods with interest, is the measure of damages, where the property has not been restored to the owner, is founded on the idea that the value of the goods recovered is equal to the goods themselves; and interest on that value is the legal damages resulting from withholding such value. But when the property is returned to the owner, then the foundation for allowing interest is gone; for its value cannot be recovered; and we must then consider the plaintiff as the owner of the property; who has been wrongfully deprived of its use for a time. Consequently, no other rule will do complete justice, than to allow a recovery of damages equal to the loss sustained; and this can only be done by allowing damages equal to the value of the use or service of the property." See also, Cutler vs. Goold Co., 43 Hun. 516; Pierce vs. Benjamin, 14 Pick. 356; Curtis vs. Ward, 20 Conn. 204.

In considering the general rules above mentioned, it is to be borne in mind that they are not inflexible, and that they admit of certain more or less well defined exceptions. The object of any rule is to afford just compensation for

the injuries received by the plaintiff. Thus articles having no market value, but having special value to the owner, may be valued according to the latter standard. Articles, the value of which are subject to great and rapid fluctuation, may be assessed at the highest value between the time of conversion and the time of bringing suit, according to the doctrine in some states. Work animals and vehicles having a daily earning capacity, furnish reason for awarding compensation, according to the value of their use, in some of the states. Many other special circumstances might authorize a departure from the general rules above mentioned, but it is sufficient to say that in this case no such special circumstances are shown, and that therefore the general rules apply.

We have examined the cases cited by counsel for appellee, and find that they all are cases where the property had been returned to the owner and the question was as to the value of their use during the period of detention, or are cases otherwise different in circumstances. They, therefore, have no application to this case, the property here not having been returned by the alleged trespasser.

It follows from the foregoing that the trial court committed error in submitting to the jury a measure of damages which included both the value of the property at the time it was converted, and the value of its use during the period of detention.

For the reasons stated, the judgment of the lower court will be reversed and the cause remanded with instructions to award a new trial, and, it is so ordered.

### SYLLABUS BY THE COURT.

