373 P.2d 916

**A. B. HICKS, Plaintiff-Appellee,**

**v.**

**Benny MAESTAS and Sarah Maestas, his wife, Defendants-Appellants.**

**No. 7132.**

Supreme Court of New Mexico.

Aug. 7, 1962.

M. P. Guiterrez, Santa Fe, for appellants.

Patricio S. Sanchez, Annette R. Shermack, Santa Fe, for appellee.

CARMODY, Justice.

Appellants, who were defendants below, question the judgment of the trial court in a replevin action, by reason of the fact that the judgment failed to specify the actual or market value at the time of the detention, and further failed to segregate the value

and the amount of damages for the detention.

In the course of the trial, the defendant objected to the testimony of the plaintiff as to the actual value of the property involved, and this objection was sustained. There is no question but what the owner is competent to testify as to the value of his property (see, Whitley v. State, 1932, 36 N.M. 248, 13 P.2d 423; Baltimore American Ins. Co. of New York v. Pecos Mercantile Co., 10th Cir.1941, 122 F.2d 143; Anno., 37 A.L.R.2d 970, particularly at 974 and 1025; and compare, Martinez v. Vigil, 1914, 19 N.M. 306, 142 P. 920, L.R.A.1915B, 291; Rutherford v. James, 1928, 33 N.M. 440, 270 P. 794, 63 A.L.R. 237; and Wilcox v. Butt's Drug Stores, 1934, 38 N.M. 502, 35 P.2d 978, 94 A.L.R. 726), and therefore the trial court was in error in refusing to accept this testimony. To allow the appellant to now rely upon this deficiency in the evidence, which was brought on by the appellant's own objection, cannot be countenanced. In effect, it was error induced by the appellants and they cannot now take advantage of the claimed failure to prove the value. In Heisch v. J. L. Bell & Co., 1902, 11 N.M. 523, 70 P. 572, another replevin case which is almost directly in point, we said:

"The record shows that the plaintiff was proceeding to prove the value of the property, and damages for detention thereof, but as the defendants'

counsel objected to such proof, and the court sustained the objection, the plaintiff was prevented from making the desired proof. The court erred in sustaining the objection to this proof, but, as the error was induced by the defendants, they cannot be permitted to take advantage of it in this court, and it is therefore harmless, and not reversible error. * * *"

From an examination of the entire record, it would appear that the judgment of the trial court granted substantial justice. Therefore, even though under the statute the actual value of the property and damages should have been separated, the error was harmless in the instant case. The case is analogous to Reed v. Sibley, 1931, 35 N.M. 307, 296 P. 572, wherein this court said:

"When on the whole record we see that injustice has not been done a defendant, it would be going too far to deprive a plaintiff of a recovery upon no better grounds than the bare informality of a verdict."

See, also, Hyde v. Elmer, 1907, 14 N.M. 39, 88 P. 1132.

From what has been said, the judgment will be affirmed. It Is So Ordered.

MOISE, and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.