416 P.2d 154

VALLEY CHEVROLET CO., a Corporation, Plaintiff-Appellee,

v.

Bob WHITAKER, Defendant-Appellant.

No. 7926.

Supreme Court of New Mexico.

July 5, 1966.

Osborn & Laughlin, Roswell, for appellant.

Sanders & Bruin, Roswell, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

This appeal is from a judgment in a replevin action. It raises one issue: at what point in time is the value of the property to be fixed under § 22–17–7, N.M.S.A. 1953?

Plaintiff and defendant entered a contingent sale agreement under which plaintiff would attempt to sell defendant's truck and dependent on the sale defendant would purchase two vehicles from plaintiff. Defendant obtained possession of the two vehicles under this agreement. When the contingent sale failed to develop, plaintiff demanded return of the two vehicles, which demand was refused by defendant. This demand and refusal occurred one week after defendant took possession of the property.

In his complaint plaintiff waived seizure and delivery of the vehicles and asked for judgment under the provisions of § 22–17–7, N.M.S.A. 1953. At the trial plaintiff waived any damages for detention of the vehicles.

The trial court found that there had been a wrongful detention, found the reasonable value of the wrongfully detained vehicles and awarded judgment against defendant in that amount.

The only evidence of value introduced at the trial was as of the date that the vehicles came into the possession of the defendant. Defendant claims that the date for fixing the value under § 22–17–7, N.M.S.A. 1953 is the date of the trial and that without evidence of value as of the date of the trial the judgment of the trial court is in error.

There is no uniform rule among the various jurisdictions as to the date of the valuation. See 77 C.J.S. Replevin § 270, and 46 Am.Jur. Replevin § 148.

While the precise point has not been decided in New Mexico, two decisions indicate the proper rule. Heisch v. J. L. Bell & Co., 11 N.M. 523, 70 P. 572, decided prior to enactment of § 22–17–7 N.M.S.A. 1953, held that the measure of damages would be the value of the personal property at the time and place where taken. In Ace Auto Co. v. Russell, 59 N.M. 182, 281 P.2d 143, one of the points on appeal was whether the judgment rendered was proper under the provisions of § 22–17–7, N.M.S.A. 1953. In the Ace Auto case the trial court fixed the

490

value of the property as of the date of the wrongful taking.

 The wrongful detention of the property in this case is similar to an act of conversion of personal property. Conversion of personal property is an attempt by the person doing the act to wrongfully transfer the title to himself. Martinez v. Vigil, 19 N.M. 306, 142 P. 920, L.R.A. 1915B, 291. In a conversion action, where the property has not been returned to the owner, the measure of damages is the value of the property at the time of conversion with interest. Martinez v. Vigil, supra; Banes Agency v. Chino, 60 N.M. 297, 291 P.2d 328.

We hold that the time for fixing the value of the property in this case was the date of the wrongful detention. The wrongful detention occurred approximately one week after defendant obtained possession. The evidence of value is as of the date defendant obtained possession. From this evidence, and in the absence of other evidence, the value of the property when wrongfully detained one week later could reasonably be inferred. A fair and reasonable basis for determination of the value is all that is required. See Louis Lyster, Gen. Con., Inc. v. Town of Las Vegas, 75 N.M. 427, 405 P.2d 665; Jackson v. Goad, 73 N.M. 19, 385 P.2d 279; Bokum v. Elkins, 67 N.M. 324, 355 P.2d 137.

The judgment is affirmed. It is so ordered.

CARMODY, C. J., NOBLE and MOISE, JJ., and LaFEL E. OMAN, Judge, Court of Appeals, concur.