488 P.2d 127

Billy CROSBY and Christine Crosby,
Plaintiffs-Appellants,

v.

BASIN MOTOR COMPANY, a Corporation, and First National Bank of Farmington, a National Banking Association, Defendants-Appellees.

No. 672.

Court of Appeals of New Mexico.

Aug. 6, 1971.

Robert Hilgendorf, Chinle, Ariz., Paul Biderman, Crownpoint, for appellants.

Jack M. Morgan, Farmington, for First Nat. Bank of Farmington.

Joseph A. Palmer, Palmer & Frost, Farmington, for Basin Motor Co.

## OPINION

SUTIN, Judge.

Crosby sued Basin Motor Company and First National Bank of Farmington to recover damages for statutory violations of the provisions on Default, Part 5, Article 9 of the Uniform Commercial Code, including conversion. This pertained to the repossession and resale of a pickup truck. Basin counterclaimed for $400.00 as a result of Crosby's default. The trial court denied recovery to Crosby and Basin. Crosby appeals.

Crosby abandoned his claims against First National Bank. Basin did not appear or respond in this court.

We reverse.

The trial court found: Basin sold Crosby a 1961 half-ton pickup under a Retail Installment Sales Contract which Basin sold with recourse to the First National Bank. Crosby defaulted in payment. The truck was repossessed and delivered to Basin. The balance due was $251.50. Crosby was given personal notice that the truck would be sold if not redeemed in full. The truck was of a type customarily sold on a recognized market and it was sold by Basin at private sale for $695.00. Basin paid $251.50 to First National Bank as payment of the remaining unpaid balance of the sales contract. The reasonable market value of the truck at the time of repossession was $150.00. In preparation for sale, Basin made commercially reasonable repairs on the truck of $435.73, but Basin did not sell the truck within 90 days after it was repossessed. At the time of repossession, Crosby had paid more than 60% of the purchase price of the truck. On the 91st day after repossession, the fair market value of the truck was $231.47.

The trial court concluded that Basin, upon taking possession of the truck, was a secured party in possession of collateral under § 50A-9-505(1), N.M.S.A. 1953 (Repl. Vol. 8, pt. 1), and was required to sell it under § 50A-9-504, N.M.S.A. 1953 (Repl. Vol. 8, pt. 1), within 90 days after possession was taken, but failed to do so which gave Crosby the right to recover damages in conversion under the provisions of § 50A-9-505, supra, or alternately under the provisions of § 50A-9-507(1), N.M.S.A. 1953 (Repl. Vol. 8, pt. 1), whichever recovery would be greater; that Crosby's damages in conversion were $231.47, the value of the truck at the time of conversion, or $236.32 under § 50A-9-507(1), supra, but each of these amounts were offset by the amount of $251.50 paid by Basin to the First National Bank. Therefore, Crosby was not entitled to recover any damages.

Crosby challenged two findings of the trial court: (1) that the truck was of a type customarily sold on a recognized market; (2) that the fair market value of the truck on the 91st day after repossession was $231.47.

Crosby also challenged one conclusion of law of the trial court: (1) that the minimum recovery was $236.32, and subject to offsets.

Crosby also made requested findings and conclusions which were denied.

### (a) *Was Basin Entitled to Offsets?*

■ Basin was not entitled to the offset awarded by the trial court. Basin took $251.50 out of the sale proceeds of Crosby's vehicle, and applied it to Crosby's unpaid account on the sale, thereby extinguishing it as an obligation. Crosby was no longer obligated to Basin, and no claim for that amount survives for the trial court to award Basin any damages by way of counterclaim or offset. Cruzan v. Franklin Stores Corporation, 72 N.M. 42, 380 P. 2d 190 (1963); Charley v. Rico Motor Company, 82 N.M. 290, 480 P.2d 404 (Ct. App.1971). Crosby was entitled to recover from Basin the sum of $236.32 under § 50A-9-507(1), supra.

(b) *Was Crosby Entitled to a Second Minimum Recovery in Addition to that Granted Above?*

█ Crosby claims the trial court erred in finding that the truck was of a type customarily sold on a recognized market; that since Crosby did not receive written notice prior to the resale, another violation occurred under § 50A–9–504(3), N.M.S.A. 1953 (Repl. Vol. 8, pt. 1). Therefore, Crosby contends these remedies are cumulative, and he is entitled to damages for each violation. Crosby failed to show any actual additional damages resulting from the failure of Basin to give adequate notice. Furthermore, Crosby concedes there is no case law or statutory provision which expressly allows recovery of double, minimum damages under § 50A–9–507(1), supra, for two separate violations of the default provisions of the Uniform Commercial Code. Since the damages involved here are purely statutory, to be awarded "in any event" when the secured party fails to proceed in accordance with Article 9, Part 5 of the Uniform Commercial Code, and since § 50A–9–507(1), supra, does not specifically authorize separate statutory damages for each asserted violation of Part 5, we hold the statutory damage is not cumulative; that the statutory damage for violation of Part 5 may be recovered only once.

(c) *Was Crosby Entitled to More Damages for Conversion?*

Crosby contends the trial court's finding that the fair market value of the truck at the time of conversion was $231.47 is unsupported by substantial evidence; that the market value at the time of conversion was the sale price of $695.00.

The trial court found that the reasonable market value at the time of repossession was $150.00; that Basin made commercially reasonable repairs to the truck in preparation for sale of $435.73. These findings were not challenged. The trial court evidently arrived at the value of $231.47 by deducting the repairs plus $27.80, the cost of sale, which totaled $463.53. When deducted from the sale price of $695.00, it leaves a value of $231.47 at the time of conversion.

█ The measure of damages, in conversion, is the value of the property at the time of conversion with interest. A fair and reasonable basis for determination is all that is required. Valley Chevrolet Co. v. Whitaker, 76 N.M. 488, 416 P.2d 154 (1966).

█ The truck was repossessed August 31, 1967. The 91st day or the day of conversion would be November 29, 1967. Repairs of $408.97 were made before this date in preparation for sale. We have reviewed the record and note that Crosby failed to establish the value of the truck to be $695.00 at the time of conversion. Since its reasonable market value on August 31, 1967, was $150.00, we find no error in the trial court's finding that the fair market value was $231.47 at the time of conversion 91 days later. Crosby asserts that in addition to the fair market value, conversion damages include interest on that value and the trial court failed to include any interest. See Valley Chevrolet Co. v. Whitaker, supra. The trial court's conclusion, directed to the issue, has not been challenged. Accordingly, we decline to review the claim. See, § 21–2–1(15) (16) (e), N.M.S.A. 1953 (Repl. Vol. 4).

The trial court erred in applying $251.50 offset against Crosby's statutory damage under § 50A–9–507(1), supra.

The judgment in favor of Basin Motor Company is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.