[3 P.(2d) 423

## WHITLEY v. STATE.

### No. 3708.

Supreme Court of New Mexico.

June 25, 1932.

Rehearing Denied Aug. 9, 1932.

Douglas K. Fitzhugh, of Hot Springs, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

BICKLEY, C. J.

Appellant was convicted upon a charge of larceny of an automobile alleged to be of the value of $100, and was sentenced to confinement in the state penitentiary for a term of years, and has appealed.

Appellant complains that the court erred in admitting the testimony of the owner of the automobile as to its value, the objection being that the witness had not qualified as an expert as preliminary to the reception of the testimony. We might pass by this question because the record shows that the value was established by other testimony not objected to. See Martin et al. v. Village of Hot Springs et al., 34 N. M. 411, 282 P. 273. We do not hesitate to say, however, that the trial court was not in error.

"Unless the property in question is of such a nature that only expert testimony is competent, non-experts with requisite knowledge may testify as to its market value, or, where it has no such value, to its intrinsic worth." 13 Standard Encyc. Evid. page 552.

"The owner of property may generally testify of its worth if he bought it and knows what he paid for it in the usual course of trade." 13 Standard Encyc. Evid., page 560.

The owner said he paid over $800 for the car, had it little over a year, and that it had been little used, and that it was of the value of $600. Furthermore there was no attempt by defendant by cross-examination or by other evidence to dispute the value placed on the car by the witnesses for the state.

An accomplice testified without objection to the taking of the car in the nighttime, changing the license plates, driving to Hatch, El Paso, and San Antonio, Tex., and thence to Houston. When the witness was asked as to the movements of himself and defendant thereafter, defendant's counsel objected: "I

object to that on the record, it is immaterial, irrelevant, after the abandonment of the enterprise."

The objection being overruled, the witness testified that he and defendant visited a number of places in Texas and New Mexico until they finally arrived in Moriarity, N. M., where they were arrested.

The legal proposition now urged is that evidence of flight is not admissible unless it is first shown that defendant knew or had reason to believe that he had been or would be charged with larceny of the car. This is a doubtful proposition, and we find it unnecessary to decide it. Wigmore on Evidence (2d Ed.) § 267, says: "It is occasionally held by a court that the accused should have been aware that he was charged or suspected. This is unnecessary; it is the act of departure that is itself evidential; ignorance of the charge is merely a circumstance that tends to explain away the guilty significance of the conduct."

No such particular objection was made in the trial court. It is not now claimed that evidence of flight is not material and relevant, but apparently that no proper foundation was laid for its introduction. We have held and now hold that an objection to the introduction of evidence which does not specify the particular ground on which the evidence is objectionable does not call the trial court's attention to the matter to be decided, and on appeal will be treated as if no objection to such evidence had been made. See Alvarado Min. & Mill. Co. v. Warnock,

25 N. M. 694, 187 P. 542; State v. Trujillo et al., 30 N. M. 102, 227 P. 759.

Other points are presented on behalf of appellant which we likewise find without merit. The judgment must be affirmed.

It is so ordered.

WATSON and SADLER, JJ., concur.

PARKER and HUDSPETH, JJ., did not participate.