447 P.2d 20

STATE of New Mexico, Plaintiff-Appellee,

v.

Gilberto CAMPOS, Phil Cordova and Jose Campos, Defendants-Appellants.

No. 8159.

Supreme Court of New Mexico.

Nov. 8, 1968.

W. H. McDermott, Santa Fe, for appel·lant, Jose Campos.

H. Vern Payne, Albuquerque, for appellant, Phil Cordova.

Boston E. Witt, Atty. Gen., Myles E. Flint, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

MOISE, Justice.

Appellants Phil Cordova and Jose Campos, together with one Gilberto Campos, were charged with breaking and entering, and in a second count, with larceny. All three were convicted and appealed from the sentences imposed. Gilberto Campos has since died and, accordingly, his appeal need not be considered.

Appellant Cordova argues that the proof relied upon to establish his guilt is purely circumstantial and since it is not incompatible with innocence on any rational theory, or incapable of explanation on any reasonable hypothesis, it was error for the court not to have directed a verdict of acquittal at the close of the State's case. That such is the correct rule of law applicable in this state cannot be doubted. See State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961).

We are constrained to hold that in this argument appellant is correct. The

proof pointing to appellant Cordova is as follows: On the evening of the crime, appellant was with the Campos brothers at a bar in Santa Rosa. During the evening he helped a Mr. Felix Silva from the bar and sat with him in the back seat of his car for some minutes. Mr. Silva's wallet was later found in the Volkswagen used in connection with the crime. Mrs. Silva saw appellant leave the bar in the Volkswagen with the Campos brothers. He was wearing a dark suit. One of the men who ran from the scene was wearing a dark suit and was seen to slip and his knees hit the ground where there was caliche mud. Appellant's suit had white spots on it like caliche, and a tear at the knee. Appellant was seen about town at a time after the offense had been committed. Although the evidence is incriminating and amply supports a reasonable suspicion that he participated in the crime, as claimed by the state, nevertheless it falls short of meeting the test of State v. Easterwood, supra. In this connection we would call attention to our decision in State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965), where proof, equally, if not more damaging to defendant was held insufficient to support conviction. It follows that the cause must be reversed as to appellant Cordova.

We next consider the appeal of appellant Joe Campos. He first claims error because the trial court denied his motion for a bill of particulars. The motion was timely filed and sought particulars as to what items of personal property were claimed to have been taken, from whom taken, and when taken; also the denominations and quantity of money allegedly taken. In addition, particulars as to the witnesses who would be called by the State were sought.

The applicable statute is § 41–6–8, N.M. S.A.1953. It reads, in material part:

"(1) When an indictment or information charges an offense in accordance with the provision of section 42–607 [41–6–7], but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the district attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the district attorney may of his own motion furnish such bill of particulars.

"(2) When the court deems it to be in the interest of justice that facts not set out in the indictment or information or in any previous bill of particulars should be furnished to the defendant, it may order the district attorney to furnish a bill of particulars containing such facts. In determining whether such facts and, if so, what facts, should be so furnished, the court shall consider the whole record and the entire course of the proceedings against the defendant."

The information as filed contained two counts, in the first of which breaking and entering the O. K. Clothiers Store, owned and operated by Mrs. Evaristo Gallegos, with intent to commit larceny, is charged; the second count charges that defendants did steal and carry away certain articles of personal property of a value of approximately $1,566.65, and money totaling approximately $302.46, being the property of Mrs. Evaristo Gallegos. However, only Count II was submitted to and decided by the jury.

There can be no question that Count II was intended to charge a violation of § 40A–16–1, N.M.S.A.1953, wherein it is stated that "larceny consists of the stealing of anything of value which belongs to another" and, further, that "whoever commits larceny when the value of the thing stolen is over one hundred dollars ($100) but not more than twenty-five hundred dollars ($2,500) is guilty of a fourth degree felony."

That Count II of the information is sufficient under § 41–6–7, N.M.S.A.1953, cannot be questioned. The section reads:

"(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the de-

fendant is being prosecuted in one [1] or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

Defendants were charged with a fourth degree felony of larceny. We do not understand appellant's complaint that they were entitled to know from whom they are charged with stealing. The information clearly states that the property was owned by Mrs. Evaristo Gallegos. We do not believe that anything more is required. As to the argument that they were entitled to know the place from which they are charged with stealing, we would point out that guilt or innocence does not turn on whether the place was a house, a store, or some particular type of edifice. It should suffice that the offense charged is alleged to have occurred in Guadalupe County, State of New Mexico. See § 41-6-12, N.M.S.A. 1953. See also, Kyler v. State, 94 Ga.App. 321, 94 S.E.2d 429 (1956).

In this connection we take note of what is said in State v. Graves, 73 N.M. 79, 395 P.2d 635 (1963). We there recognized that if a defendant asked for a bill of particulars he was entitled to sufficient information to enable him to prepare a defense. Also, that if the charge turned upon conduct within "a store or establishment" he should be furnished with the name of the store where it was alleged the robbery occurred. Further, that he was entitled to be advised of the name of the individual allegedly assaulted, and the fact the name appeared in a count of the information upon which he did not go to trial did not suffice to meet this requirement. We have held it was not necessary here to more specifically allege the place where the offense is alleged to have occurred but agree that under *Graves,* the name of the place in the first count on which appellant was not tried would not have been sufficient if under the statute it were necessary to specify the type of place where the crime was committed.

We now consider whether the State should have been required to particularize as to the items of personal property alleged to have been stolen. In State v. Graves, supra, we held that when a bill of particulars is sought it is not sufficient that the information meet the requirements of the statute. If no demand for more particulars is timely filed, the right thereto is waived and a conviction based on allegations conforming to the statute will be upheld. See State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961). However, the rule is otherwise when a motion seeking a bill of particulars is filed and the information sought is necessary to prepare a defense. State v. Graves, supra. It is only through this means that the right of an accused to appear and defend and to demand the nature and cause of the accusation against him, contained in Art. II, § 14 of the New Mexico Constitution, is assured. See Norton v. Reese, 76 N.M. 602, 417 P.2d 205 (1966); State v. Smith, 76 N.M. 477, 416 P.2d 146 (1966); State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965). See also State v. Shroyer, 49 N.M. 196, 160 P.2d 444 (1945).

Accordingly, we must determine if simply alleging larceny of "certain articles of personal property" of a certain value, sufficiently informed the accused of the property allegedly stolen by him so that he could be prepared to defend. Another important question is whether the charge sufficiently describes the property so as to make the determination reached by the jury res judicata as to any subsequent

charge involving larceny of the same property. See Sterling v. United States, 333 F.2d 443 (9th Cir. 1964), cert. den. 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344; Annot., 99 A.L.R.2d 813, 830 (1965). This element has not been noticed by us heretofore, but is important to the decision.

That the personal property could have been described in some detail since it was made up of a certain number of men's suits, some women's maternity wear, boxes of underwear and shoes, all in the possession of the sheriff, is self-evident. Under the circumstances of this case there would seem to be no disagreement among the authorities, whether of recent or earlier origin, that the requirements of particularity to satisfy appellant's right to know the nature and cause of the accusation against him have not been met. See IV Wharton's Criminal Law and Procedure (Anderson) 598, § 1782 (1957); 1 Wharton's Criminal Procedure 296, § 254 (10th Ed. 1918); Annot., L.R.A.1915B, 71, where the entire subject is discussed in great detail with numerous case citations; Edwards v. United States, 266 F. 848 (4th Cir. 1920); Wideman v. State, 269 Ala. 49, 110 So.2d 298 (1959); Kyler v. State, supra. See also Annot., 99 A.L.R.2d 813, 822 (1965); State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966).

We paraphrase a statement in Edwards v. United States, supra, to the effect that the charge simply alleges that the defendant did steal and carry away certain articles of personal property of a stated value and being the property of Mrs. Evaristo Gallegos. There is not a single word to indicate the nature or character of the property. In other words, it might have been clothing, horses, hay, or any other kind of property. The charge is too vague and indefinite upon which to deprive one of his liberty when he has sought a more definite specification of what constituted the personal property which he is charged with stealing.

In view of our conclusion that the judgment and sentence of appellants must be reversed and remanded because of the errors discussed above, it is not necessary for us to consider or discuss the additional points argued in the briefs.

It follows from what has been said that the convictions of both appellants should be reversed and the cause remanded to the district court with instructions to discharge appellant Phil Cordova and grant appellant Jose Campos a new trial.

It is so ordered.

CHAVEZ, C. J., and NOBLE, COMPTON and CARMODY, JJ., concur.