458 P.2d 803

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Billy Bob PARKER, Defendant-Appellant.**

**No. 282.**

Court of Appeals of New Mexico.

June 20, 1969.

Rehearing Denied July 22, 1969.

Certiorari Denied Sept. 2, 1969.

Jack Smith, Edwin E. Piper, Jr., Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Larry N. Smith, Sp. Asst. Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant appeals from his conviction under § 40A–16–1, N.M.S.A.1953, of larceny of a horse trailer valued at more than $100.00 and not more than $2,500.00.

He relies upon ten points for reversal. The first four relate to his claim that the judgment and sentence must be reversed

because he was never arraigned on either the original Information or on the Information as amended at trial.

The Information was filed on May 13, 1968. On August 16, the court entered and served on all counsel an order setting the case for trial on September 16. The case came on for trial on that date. Defendant appeared in person and by his two attorneys. When the court asked if defendant was ready to proceed, one of his attorneys announced, "Ready for the defendant, your Honor."

The case then proceeded to trial. The court explained to the entire jury panel the nature of the charge against defendant. A jury was duly selected and sworn to try the case. The court gave certain explanations and admonitions to the jury concerning the case and their conduct during the trial thereof.

After a short recess, the trial resumed. At the request of the court, the State's witnesses were called.

Upon request by the court that defense witnesses be called, defendant announced that all of his witnesses were not then present but would be coming later. The witnesses then present were sworn; defendant requested the rule requiring the witnesses, except when testifying, to remain out of the courtroom; the court granted the request and instructed the witnesses concerning their compliance with the rule; and the first witness was called by the State. His testimony had just begun, when defendant announced to the court that he wished to make a motion. The court directed the jury to retire from the courtroom.

After the jury had retired, defendant moved for a dismissal on the ground that the District Attorney had failed to make an opening statement. A discussion of the motion was held, during which the State waived the making of an opening statement. Defendant's motion was denied and his attorneys were asked by the court if there were any other motions to be made. The answer was no. The court thereupon directed the return of the jury to the courtroom.

The court then inquired as to whether defendant had been arraigned. The District Attorney announced that he did not recall. The court directed defendant to come forward. A discussion was held at the bench. This discussion was not reported because the reporter could not hear what was being said. Upon being so advised by the reporter, the court announced that it would later state into the record what had been discussed. The direct examination of the witness then continued.

After the release of the jury for the noon recess, the court stated into the record:

"After the jury was selected and sworn and one witness for the State was called, his name had been given, the Court asked the District Attorney if the defendant had been arraigned and the District Attorney didn't know, and the Court asked Mr. Smith [one of defendant's attorneys] if he wanted him arraigned and he said he wasn't waiving anything, or words to that effect, and I said, 'Well, how does he plea', and he said, 'Obviously not guilty.'"

Before returning to the courtroom after the noon recess, the court in chambers heard a motion by the State for leave to amend the Information to show that the stolen trailer belonged to a partnership consisting of Charles Benton and his two minor sons. The Information stated that the trailer belonged to Charles Benton.

The requested amendment conformed to the testimony which had already been given by Mr. Benton. Defendant resisted the motion on the grounds that the witness had " * * * testified at the preliminary hearing that it was his trailer. * * *"; the motion to amend " * * * comes much too late * * *"; and defendant had " * * * never been arraigned on this particular Information, let alone any Information as amended * * *."

The court briefly related the testimony of the witness as to the ownership of the trailer, and asked how defendant could be

prejudiced by the amendment. One of defendant's counsel stated the prejudice arose from the fact that the witness had testified at the preliminary hearing that he owned the trailer, and now it developed the ownership was in the partnership.

The court granted the motion for amendment, and the trial was resumed.

■ Unquestionably, a defendant charged by information with a felony should be arraigned, and some jurisdictions hold a conviction must be reversed if the record fails to show an arraignment. Willis v. State, 389 S.W.2d 464 (Tex.Cr. App.1965); State ex rel. Burkhamer v. Adams, 143 W.Va. 557, 103 S.E.2d 777 (1958). This is in accord with the view taken by our Territorial Supreme Court in United States v. Aurandt, 15 N.M. 292, 107 P. 1064 (1910).

However, in State v. Klasner, 19 N.M. 474, 479, 145 P. 679 (1914), the decision in the Aurandt case was overruled, insofar as it held an arraignment and plea are indispensable to a valid verdict and judgment of conviction, and it was held that an arraignment and plea may be waived. In accord are Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914); Beaty v. United States, 203 F.2d 652 (4th Cir. 1953); State v. Ronner, 34 N.M. 154, 279 P. 66 (1929). See also 4 Anderson, Wharton's Criminal Law and Procedure, § 1803 at 641 (1957).

■■ The purposes of an arraignment are to establish the identity of defendant, to inform him of the charge against him, and to give him an opportunity to plead to the charge. United States v. Aurandt, supra. See also Garland v. Washington, supra; 21 Am.Jur.2d, Criminal Law, § 452 at 453 (1965). Here there is no question that defendant is the person charged in the Information. He was served with a copy of the Information, engaged two competent attorneys to represent him, and the court, in the presence of defendant and his counsel, at the very outset of the trial explained to the entire jury panel the nature of the charge. Defendant was personally present with his attorneys when the case was called for trial, and he announced, through one of his attorneys, that he was ready to proceed with the trial. He obviously was resisting the charge against him. This was further confirmed by his attorney when the court inquired as to his plea.

We fail to comprehend how defendant was prejudiced by his failure to plead "not guilty" at an arraignment proceeding.

■ Although it is true defendant stated he would waive nothing, this was some time after the trial had begun. By announcing his readiness for trial and proceeding to trial, he waived his right to be arraigned. See Beaty v. United States, supra; Blanton v. State, 233 Ind. 51, 115 N.E.2d 122, 116 N.E.2d 631 (1953); In re Bundy, 144 Kan. 64, 58 P.2d 80 (1936); State v. Vallo, 33 S.W.2d 899 (Mo.1930); State v. Renner, supra; State v. Klasner, supra.

As above stated, defendant was charged with a violation of § 40A-16-1, N.M.S.A., 1953. Except for the definitions of the degrees of larceny, this statute provides: "Larceny consists of the stealing of anything of value which belongs to another."

The Information charged defendant with the stealing of " *   *   * a horse trailer belonging to Charles Benton, *   *   *"

Section 41-6-37, N.M.S.A.1953 provides in part:

"*Defects, variances and amendment.—*
"*   *   *

"(2) No variance between those allegations of an indictment, information or bill of particulars, which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such variance, to conform to the evidence.

"(3) If the court is of the opinion that the defendant has been prejudiced in his defense upon the merits by any such defect, imperfection or omission or by any

such variance the court may because of such defect, imperfection, omission or variance, unless the defendant objects, postpone the trial, to be had before the same or another jury, on such terms as the court considers proper. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution.

"(4) No appeal, or motion made after verdict, based on any such defect, imperfection, omission or variance shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense upon the merits."

The amendment of the Information as to ownership of the trailer was made to conform to the evidence; the trial court was of the opinion that the defendant was not prejudiced thereby; defendant made no request for a continuance or postponement; and he has not affirmatively shown us that he was in fact prejudiced by the amendment in his defense of the case upon the merits.

█ The amendment did not change the essential elements or degree of the crime. Defendant made no claim that Charles Benton or either of his sons was known to him; that any of them gave him permission to enter the roping arena where the trailer was located; or that any of them gave him permission to take or use the trailer. His entire defense was that he thought the roping arena and trailer belonged to a Mr. Kinkead, whom he knew, and Mr. Kinkead would understand that he was merely borrowing the trailer.

Under these circumstances, we find no merit to defendant's contentions that he was entitled to be arraigned on the Information as amended. We also find no merit to his contention that he was prejudiced by the amendment as claimed under his fifth point. Compare State v. Peke, 70 N.M. 108, 371 P.2d 226 (1962); State v. Lucero, 79 N.M. 131, 440 P.2d 806 (Ct.App.1968).

Under Points VI and VII, defendant claims error on the part of the trial court in failing to give his requested instructions numbers 5 and 6, which were as follows:

"You are instructed that a person may wrongfully take the property of another through a mistake in fact, in which case it would not constitute the crime of larceny which, as you have also been instructed, requires a wrongful intent to permanently deprive the owner thereof.

"You are further instructed that if the defendant took the trailer in good faith, reasonably believing that he had the consent of the owner to take said trailer, that such would not constitute larceny and that if you so find from the evidence your verdict must then be that the defendant is not guilty."

Even assuming that these instructions correctly state the law, which we do not decide, defendant must fail in his claim that the court erred in refusing them.

█ A defendant is entitled to have the jury instructed on all proper theories of his case, if there is substantial evidence to support these theories. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. Padilla, 66 N.M. 289, 347 P.2d 312, 78 A.L. R.2d 908 (1959).

It is apparent from a reading of the two requested instructions that their purpose was to instruct that the wrongful taking must have been accompanied with the intent to permanently deprive the owners of the trailer. Defendant's evidence in support of his position, that he had no intention of depriving Mr. Benton and his sons of the trailer, is refuted by other evidence and the reasonable inferences deducible therefrom. Nevertheless, we consider the evidence in support of his position to be substantial.

█ However, the trial court clearly instructed the jury that one of the essential elements of the offense charged was that of intent on the part of defendant to permanently deprive the owners of the trailer, and that a taking thereof by defendant with the intent of using it temporarily and then returning it would not constitute larceny. Defendant's theory of the case was ade-

## 556

quately covered by the court's instructions. The refusal to give the requested instructions was not prejudicial. See Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967); State v. White, 77 N.M. 488, 424 P.2d 402 (1967); State v. Selgado, 76 N.M. 187, 413 P.2d 469 (1966).

Under Points VIII, IX and X, defendant urges error on the part of the trial court in refusing to direct a verdict for him on the grounds that the ownership and value of the trailer, and lack of consent by the owners of the trailer to the taking thereof by defendant, were not established by substantial evidence.

■ In determining whether the evidence supports a criminal charge, or an essential element thereof, we view the evidence in the light most favorable to the State, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict of conviction. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967); State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967).

As to the ownership of the trailer, the evidence clearly establishes that it did not belong to defendant, and he did not so claim at the trial. Although there was some confusion as to whether the trailer belonged to Mr. Benton alone, or to the partnership consisting of himself and his two minor sons, there is substantial evidence of ownership in the partnership. As above stated, the Information was amended accordingly.

■ As to the claim that there was no substantial evidence as to the value of the trailer, Mr. Benton testified that the market value thereof was $1,050.00 as of the time of the larceny. He was one of the partners from whom the trailer was stolen, was familiar with its original cost and use, and was the complaining witness. His testimony constitutes substantial evidence as to the value of the trailer. See Whitley v. State, 36 N.M. 248, 13 P.2d 423 (1932); Lefthand v. State, 398 P.2d 98 (Okl.Cr. 1965); State v. Myers, 5 Utah 2d 365, 302 P.2d 276 (1956).

■ As to non-consent of the owners to the taking, the State's evidence established that defendant took the trailer during the nighttime by cutting through the lock on the roping arena gate with a hack saw; he had received no consent from Mr. Benton to enter the arena or to take the trailer; the Benton boys were not acquainted with defendant insofar as their father knew; the boys were the ones who discovered the trailer was missing; and they immediately reported to their father, who in turn reported to the police. The Sheriff of Colfax County, who apprehended and arrested defendant, testified that defendant first claimed the trailer belonged to him. Upon being told by the Sheriff that he had information that the trailer was stolen, defendant then stated he had borrowed it.

As above stated, there was no claim by defendant that he knew any of the Bentons.

The judgment and sentence should be affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.