472 P.2d 388

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William Howard ZARAFONETIS, a/k/a Bill Zee, Defendant-Appellant.**

**No. 412.**

Court of Appeals of New Mexico.

May 8, 1970.

Rehearing Denied June 8, 1970.

Certiorari Denied July 2, 1970.

Charles G. Berry, McAtee, Marchiondo & Michael, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Ray Shollenbarger, James C. Compton, Jr., Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was charged and convicted of receiving and concealing stolen property [§ 40A–16–11, N.M.S.A.1953 (Repl. 6)]. He has appealed from the judgment imposing sentence. The appeal questions: (1) the sufficiency of the evidence adduced by the state to establish guilt; (2) whether certain evidence should have been admitted at the trial; and (3) whether the court erred in

refusing to give certain instructions requested by defendant.

■ To establish the crime charged it was incumbent upon the state to prove that the property in this case, two Victor calculators, was stolen; and that the accused received the calculators with knowledge that they were stolen, § 40A–16–11, supra. The fact that the property was stolen was the subject of a stipulation between the parties. According to the stipulation, on the night of February 3rd, or early morning of February 4th, 1968, a certain office was burglarized and the two Victor calculators were stolen. These calculators were later sold by the defendant to one Apodaca engaged in the small loan business under the name of Allstate Loan Company. The stipulation dispensed with the necessity of proof of all issues of fact except knowledge on defendant's part that the calculators were stolen.

■ It is defendant's contention that the evidence is insufficient to support a finding that defendant had the requisite knowledge. He argues that the evidence adduced by the state is purely circumstantial and fails to meet the established test of substantiality; namely, that "where circumstantial evidence alone is relied upon for a conviction such evidence must be incompatible with the innocence of the accused upon any rational theory and incapable of explanation upon any reasonable hypothesis of the defendant's innocence." State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961); see also State v. Campos, 79 N.M. 611, 447 P.2d 20 (1968); State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct. App.1967).

■ Guilty knowledge is rarely susceptible of direct and positive proof and generally can be established only through circumstantial evidence. State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied January 27, 1970.

■ In considering the question here presented "we view the evidence in the light most favorable to the state, resolving

all conflicts therein and indulging all permissible inferences in favor of the verdict of conviction." State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967).

The record discloses that defendant was in the restaurant equipment business, that he dealt in a number of items other than restaurant equipment and that he was not in the business machine or calculator business.

A few months prior to February, 1968, defendant sold an adding machine to Apodaca and at this time Apodaca told the defendant that he wanted "a couple more Victor machines." Apodaca testified that defendant said "he would look around and find some." On February 9, 1968, five or six days after the theft, defendant took the machines into Apodaca's office for the purpose of selling them. After Apodaca had tested the machines for nearly two weeks they were sold to him by defendant for the sum of $130.00. The fair market value of both machines, according to the testimony of their owner, was the sum of $861.00. Apodaca testified that at the time of the sale of the machines to him the defendant stated that he had $100.00 in the machines and was making $30.00.

When the machines were delivered to Apodaca to be tested defendant borrowed the sum of $151.23 from the loan company. Upon consummating the sale, a check in the sum of $130.00 was issued in payment for the machines and at defendant's request it was made payable to Richard Arlen. When the check was delivered to defendant he left the loan office and thereafter returned with the check bearing the purported endorsement of a Richard Arlen. The loan company cashed the check, credited $100.00 to the note evidencing the loan which had been made to defendant, and paid the balance in the sum of $30.00 to him.

The evidence that defendant had the calculators in his possession within a few days after the theft, and evidence from which the jury could conclude that defendant had both purchased and sold them at prices disproportionately low in comparison with their value, and the further fact that defendant had directed that the check in payment of the machines be so written as to exclude his name from the transaction, in our opinion meets the test of substantiality and justified the inference that the calculators were received by defendant with knowledge that they were stolen. State v. Lindsey, supra; People v. Raynolds, 149 Cal.App.2d 290, 308 P.2d 48 (1957), People v. McCormick, 92 Ill.App.2d 6, 235 N.E. 2d 832 (1968); State v. McKee, 183 Neb. 754, 164 N.W.2d 434 (1969); State v. Cucca, 102 R.I. 95, 228 A.2d 572 (1967); Tackett v. State, Tenn., 443 S.W.2d 450 (1969); See State v. Lemon, 203 Kan. 464, 454 P.2d 718 (1969).

Defendant has questioned the admissibility of evidence in two respects. First, he "* * * complains of the court overruling defendant's objection to the question propounded by the prosecution to the witness, Leyba (Apodaca's employee), inquiring what the defendant and the person accompanying him did while the witness Leyba was making out the check to pay for the calculators."

 Defendant argues "* * * that the ruling of the court was error because such evidence in no way tended to show that defendant knew that the machines in question were stolen and was accordingly irrelevant and immaterial to the issues of this case." The record discloses that the objection was general; namely, "as being irrelevant and immaterial;" it specified no basis upon which the answer to the question would be inadmissible.

 The rule is well established that an objection to the introduction of evidence which does not specify the particular ground on which the evidence is objectionable does not call the trial court's attention to the matter to be decided, and on appeal will be treated as if no objection to such evidence had been made. Ash v. H. G. Reiter Company, 78 N.M. 194, 429 P.2d 653 (1967).

Defendant further asserts that the trial court erred in permitting the owner of the calculators to testify, over objection, as to their fair or true market value. The objection as stated was "I don't believe this witness is qualified to state fair market values." It is a general rule, contrary to defendant's contention, that an owner of chattel property is competent to testify as to the value of his property. Hicks v. Maestas, 70 N.M. 347, 373 P.2d 916 (1962); see Whitley v. State, 36 N.M. 248, 13 P.2d 423 (1932), 3 Wigmore, Evidence § 716 (3rd ed. 1940). This rule is applicable in both civil and criminal trials. People v. Henderson, 238 Cal.App.2d 566, 48 Cal.Rptr. 114 (1965); Rodriguez v. People, Colo., 450 P.2d 645 (1969); Benton v. State, 228 Md. 309, 179 A.2d 718 (Ct.App.1962); Annot., 37 A.L.R.2d 967 at 1,000 (1954).

We next consider the refusal of the trial court to give certain requested instructions. The requested instructions relate to circumstantial evidence, the weight to be accorded it and inferences to be drawn from it. We have considered these requested instructions and the instruction which was given by the court. In our opinion, the instruction given adequately covers those requested by defendant. A refusal by the trial court to give requested instructions on matters adequately covered by those given is not error. Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69 (1962); State v. Martinez, 36 N.M. 360, 15 P.2d 685 (1932).

The judgment of the trial court is accordingly affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.