487 P.2d 915

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Amos B. PHILLIPS, Defendant-Appellant.**
**No. 674.**

Court of Appeals of New Mexico.
July 23, 1971.

**6**

Joseph Warner III, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of burglary and larceny of personal property of a value over $100 but less than $2500, defendant appeals. Section 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6) and § 40A–16–1, N.M.S.A.1953 (Repl.Vol. 6, Supp.1969). There are two issues: (1) sufficiency of the circumstantial evidence to sustain the convictions and (2) sufficiency of the evidence as to the value of the stolen items. We hold the evidence is insufficient to sustain the burglary conviction. We affirm the larceny conviction.

*Circumstantial evidence.*

A residence was burglarized; two television sets, jewelry and clothing were stolen.

A neighbor observed three Negro males carrying a console-type television set from the rear of the residence and placing it on top of a car. The car drove off; the television set fell off. Four Negro males got out of the car and put the television set back on top of the car. No one got in or out of the car from the time it drove off until it was stopped by the police.

There were five occupants of the car when stopped—four Negro males and a female. Defendant was one of the males; he was sitting in the middle of the front seat; the female was sitting on his lap holding a box of jewelry. The back seat of the car was occupied by a portable television set, clothing and one Negro male. After defendant's arrest, but before leaving the place where the car was stopped by the police, defendant was observed taking jewelry from his pocket and dropping it on the ground. Jewelry was also found on the front floorboard of the car. There is an inference that all items of jewelry recovered were placed with the other items recovered and "tagged in evidence."

There is no direct evidence that defendant entered the residence or participated in removing the stolen property from the residence. Defendant was not identified as

one of the three men seen carrying the console-type television set to the car. Defendant's convictions, then, are based on evidence that he was an aider or abettor.

"* * * To be an aider or abettor, one must share the criminal intent of the principal. There must be a community of purpose, a partnership, in the unlawful undertaking. * * *" State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970). Concerning evidence which establishes aiding or abetting, State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937) states:

"* * * The evidence of aiding and abetting may be as broad and varied as are the means of communicating thought from one individual to another; by acts, conduct, words, signs, or by any means sufficient to incite, encourage or instigate commission of the offense or calculated to make known that commission of an offense already undertaken has the aider's support or approval. * * *"

Neither presence, nor presence with mental approbation is sufficient to sustain a conviction as an aider or abettor. Presence must be accompanied by some outward manifestation or expression of approval. State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967).

What is the evidence of aiding or abetting? Defendant was present in the car. When the journey began, defendant, the female and another male occupied the back seat. When the police stopped the car, defendant was seated in the middle of the front seat with the female on his lap and the female was holding a box of jewelry. When stopped by the police, the back seat was occupied by one male, a television set and clothing. Only four males were in the car and four males replaced the console television set on top of the car after it fell off. After being arrested, defendant was observed taking jewelry from his pocket and dropping it to the ground.

Burglary, under § 40A–16–3, supra, requires an unauthorized entry with the intent to commit a felony or theft therein.

State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App.1970). None of the above evidence indicates an outward manifestation or an expression of approval of the burglary. The evidence neither indicates that defendant encouraged commission of the burglary nor indicates that defendant supported or encouraged a burglary already undertaken. There being no evidence that defendant aided or abetted the burglary, his conviction of that offense is reversed.

It is different as to the larceny which, under § 40A–16–1, supra, "* * * consists of the stealing of anything of value which belongs to another." We agree with defendant that the evidence concerning the jewelry cannot be considered because there is no evidence that the jewelry that defendant dropped, that was found on the car's floorboard, and that was being held by the female, was the stolen jewelry. State v. Malouff, 81 N.M. 619, 471 P.2d 189 (Ct.App.1970). All we have is the suspicious circumstance that defendant took unidentified jewelry from his pocket and dropped it. Compare State v. Campos, 79 N.M. 611, 447 P.2d 20 (1968).

However, there is evidence that defendant changed position in the car, and the inference that he did so to make room in the back seat for some of the stolen property. In addition, the only inference from the evidence is that defendant assisted the reloading of the console television set on top of the car. This is evidence that defendant supported a larceny already undertaken.

Defendant asserts that the evidence of aiding and abetting the larceny fails to meet the requirement for conviction on the basis of circumstantial evidence. Specifically, he claims this evidence fails to exclude every reasonable hypothesis other than defendant's guilt. State v. Hardison, 81 N.M. 430, 467 P.2d 1002 (Ct.App.1970). The "reasonable hypothesis" which defendant claims has not been excluded in that defendant was asleep in the back seat of the car from shortly after he entered the car until the car was stopped by the police. This claim is based on defense evidence that

defendant, and the other occupants of the car, had been drinking steadily throughout the day preceding the evening of the crime; that he borrowed the car so that the female could be taken home and prevailed upon one of the other males to drive; that defendant and the female got into the back seat; that defendant went to sleep and was not awakened until the police stopped the car.

We disagree with this claim because the evidence that defendant had changed positions in the car, and helped reload the console television set, excludes the hypothesis that defendant was asleep and knew nothing about the larceny.

We hold the evidence of defendant's aiding or abetting the larceny is substantial and that the "circumstantial evidence rule" does not require that the larceny conviction be set aside.

*Evidence as to value of the stolen property.*

■ An element to be proved was that the value of the stolen property was over $100 but less than $2500.00. The parties are in agreement that the "value" involved is the market value at the time of the larceny. Compare State v. Parker, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969).

The owner of the stolen property testified that the value exceeded $100 and less than $2500.00. This evidence was admitted over defendant's objection that " * * * a foundation has not been laid to show that she [the owner] would, through her own experience, know this fair market value. * * * " At the close of the State's case, defendant moved to dismiss on the basis that the evidence as to value was insufficient to go to the jury; that the owner's testimony showed she was only guessing in her testimony as to value.

We do not consider either of these two claims. However, as to them, see State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct. App.1970). The testimony of the owner of the property concerning the console television set is evidence of value within the amounts required under the charge. The

set was purchased new in March or April prior to the Christmas it was stolen. The purchase price was $750.00 and it was "working all right" before it was stolen. This was substantial evidence of value. Compare Whitley v. State, 36 N.M. 248, 13 P.2d 423 (1932). Further, defendant elicited this testimony on cross-examination. Having brought this testimony into the case, he is not in a position to complain about it. State v. Harrison, supra.

The burglary conviction is reversed; the larceny conviction is affirmed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

SUTIN, J., concurs.

HENDLEY, Judge (dissenting in part).

Although I agree with the result reached by the majority with regard to the affirmance of the conviction of larceny and their discussion relating to the value of the stolen property, I cannot agree with their reversal of the burglary conviction.

Viewing the evidence in the light most favorable to the State we have the following which relates to and gives rise to an inference of participation by defendant in the burglary. That evidence is: an admission by defendant of his presence at the scene of the burglary; his change of position from the backseat to the frontseat in the automobile; the possession of jewelry in his pocket when jewelry was taken in the crime although the jewelry is not identified as the jewelry taken; and the suspicious circumstances of attempting to divest himself of possession of the jewelry by dropping it on the ground at the time of the arrest.

The fact that defendant testified he was asleep because of too much liquor at the time of the burglary was a question of credibility for the jury. The fact of conviction meant they disbelieved the defendant. This disbelief could have been helped by the arresting officer's testimony that he smelled no alcohol at the time of the arrest.

From the foregoing facts, I believe we have something more than did the Supreme Court in State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967) wherein it was stated that mere presence without some outward manifestation of approval was insufficient.

Here, from the totality of the circumstances I fail to see how we can state as a matter of law that the defendant did not participate in the burglary. I believe we have circumstances that show an outward manifestation of approval of the burglary.

I respectfully dissent.