513 P.2d 186

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert N. LANDLEE, Defendant-Appellant.**

**No. 1188.**

Court of Appeals of New Mexico.

July 25, 1973.

Charles P. Reynolds, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The appeal involves the evidence of value in a larceny case. Defendant was convicted of larceny of copper wire with a value in excess of $100.00 but not more than $2500.00. Section 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6). He claims there was no substantial evidence upon which the jury could conclude that the value of the wire was more than $100.00. We disagree.

The copper wire stolen was described as 500 MCM, 250 MCM and scrap. Considering only the 500 MCM, a witness testified that if it was considered as scrap it was worth $30.00; its replacement cost was $110.00; that its market value was $170.00 to $180.00. Questioned as to whether the amount of 500 MCM stolen was usable, the witness replied that it was usable. This is substantial evidence of a value in excess of $100.00.

Defendant contends the testimony of this witness was " . . . so inconsistent as to be inadequate to support the conclusion that the total value of the property allegedly taken was over $100.00. . . . " We have reviewed this testimony; it is not inconsistent. However, even

if the testimony was inconsistent, such would not require a ruling that the above testimony was not substantial. Conflicts in evidence are to be resolved by the fact finder and this includes conflicts in the testimony of a witness. State v. McKay, 79 N.M. 797, 450 P.2d 435 (Ct.App.1969).

The evidence of value being substantial, the judgment and sentence is affirmed. See State v. Phillips, 83 N.M. 5, 487 P.2d 915 (Ct.App.1971); State v. Parker, 80 N. M. 551, 458 P.2d 803 (Ct.App.1969).

It is so ordered.

HENDLEY and SUTIN, JJ., concur.