This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 35,531**

**ALEXANDER GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Assed & Associates
Ahmad Assed
Richard Moran
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from the district court's judgment and partially suspended sentence, entered following a jury trial, convicting him of one count of trafficking controlled substances (by distribution) (cocaine), and one count of conspiracy to commit trafficking controlled substances (by distribution) (cocaine). [CN 1-2] This Court issued a notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition and a motion to amend his docketing statement, each of which we have duly considered. Remaining unpersuaded, we deny the motion to amend, and we affirm.

{2}     Defendant raised two issues in his docketing statement: (1) whether the district court erred in admitting certain recorded out-of-court statements and (2) whether the evidence was sufficient to support the guilty verdicts. [DS 5] In his memorandum in opposition, Defendant has moved to amend the docketing statement to add a double jeopardy claim. [MIO 12-16]

{3}     With respect to Defendant's first issue—that the district court erred in admitting the recorded out-of-court statements of a woman named Destiny—we proposed to conclude in our notice of proposed disposition that the district court did not abuse its discretion in admitting the challenged statements as statements of a co-conspirator. [CN 4-5, *citing* Rule 11-801(D)(2)(e) NMRA (providing that a statement is not

hearsay if the statement is offered against a party and is a statement "by the party's co-conspirator during and in furtherance of the conspiracy")] Furthermore, we suggested that admission of the challenged statements did not violate Defendant's right to confrontation. [CN 5-6] Consequently, we proposed to hold that the district court did not err in admitting the statements over Defendant's objections. [CN 6] Defendant has not opposed summary affirmance of this issue, and, in fact, Defendant explicitly concedes the issue and chose not to further argue it in his memorandum in opposition. [MIO 2] Accordingly, this issue is deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue); *cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     With respect to the second issue, Defendant continues to argue that the evidence was insufficient to sustain his conviction for trafficking cocaine. [MIO 3, 9-11] Defendant focuses his challenge on the fact that his brother "was the principal actor who attempted to sell cocaine" to undercover detectives, and Defendant contends that his presence during the drug transaction was insufficient proof that he helped,

encouraged, or caused his brother to sell cocaine to the undercover officers. [MIO 10-11] In support, Defendant cites to *State v. Phillips*, 1971-NMCA-114, ¶ 6, 83 N.M. 5, 487 P.2d 915, which states that "[n]either presence, nor presence with mental approbation is sufficient to sustain a conviction as an aider or abettor. Presence must be accompanied by some outward manifestation of expression or approval."

{5}     In our notice of proposed disposition, we observed that it appeared from the docketing statement that evidence was presented that: Defendant communicated to a woman named Destiny that he would sell a pound of cocaine to undercover police detectives; Destiny served as an intermediary between the undercover detectives and Defendant and his brother in arranging the details of the planned sale of narcotics; Defendant communicated to Destiny that his brother wanted the transaction to happen at his house; Defendant accompanied Destiny to the agreed-upon location to meet the undercover detectives; Defendant and other passengers in a brown Cadillac led the undercover detectives to his brother's house, while Destiny rode with the detectives; Defendant went inside his brother's house; a woman named Vanessa—one of the other passengers in the Cadillac—came outside and asked the detectives and Destiny if they were coming inside, to which the detectives responded that they were not; Vanessa went back into the house, and then exited the house with both Defendant and his brother; Defendant began looking up and down the street, which in the detectives'

training and experience constituted "counter surveillance" for police activity or possible robbery activity; Defendant and his brother approached the driver's side of the detectives' vehicle and asked them to come inside the house to do the deal; a detective replied that he was uncomfortable going into the house with all of his cash; Defendant's brother replied that he did not like to do big deals in vehicles; the detectives persuaded Defendant's brother to get in the car; Defendant's brother then pulled out a large baggy, and—wearing latex gloves—began cutting a brick of cocaine while telling the detectives about the quality of the cocaine; and Defendant remained present, but outside the car, while the transaction occurred. [CN 4, 7-8] Based on these facts, which are not specifically contradicted or challenged by the more robust factual recitation in Defendant's memorandum in opposition, we conclude that a jury could have found beyond a reasonable doubt that Defendant was not merely present during the drug transaction, but that his actions—in particular, his "counter surveillance" during the course of the transaction—indicated "outward manifestation or expression of approval." Id. Therefore, we remain unpersuaded that the evidence was insufficient to support Defendant's trafficking conviction. Further, because it does not appear from the memorandum in opposition that Defendant is challenging our proposed affirmance with respect to the sufficiency of the evidence to support his conspiracy

conviction, we deem that issue abandoned. *See Johnson*, 1988-NMCA-029, ¶ 8; *cf. Hennessy*, 1998-NMCA-036, ¶ 24.

{6} In his memorandum in opposition, Defendant has moved to amend the docketing statement to add a claim that his convictions for trafficking and for conspiracy to commit trafficking violate double jeopardy. [MIO 3, 12-16] *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{7} In support of his motion to amend, Defendant essentially argues that the prohibition against double jeopardy requires reversal of one of his convictions on the basis of "double-description"; that is, he is asserting that he was punished for the same conduct under multiple statutes. [MIO 13]

6

**{8}** We analyze double-description issues using a two-part analysis in which we consider (1) whether the convictions were premised on unitary conduct, and if so, (2) whether the Legislature intended to punish the crimes separately. *State v. Swick*, 2012-NMSC-018, ¶ 11, 279 P.3d 747. "Conduct is unitary when not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished." *State v. Silvas*, 2015-NMSC-006, ¶ 10, 343 P.3d 616.

**{9}** In *Silvas*, our Supreme Court reversed the defendant's conspiracy to commit trafficking conviction on the basis of double jeopardy where it was based on the same illegal act that supported the trafficking conviction. *Id*. ¶¶ 1, 8-29. The Court stated that "[t]he [s]tate's legal theory for both crimes rested upon [the d]efendant's unitary conduct of transferring the drugs from his hand to Ortega's hand and Ortega transferring the money to [the d]efendant." *Id*. ¶ 19. The Court held that "New Mexico law . . . requires evidence of more than just the substantive crime." *Id*. ¶ 26. However, the Court also recognized that "[u]nder New Mexico law, courts have upheld separate convictions for conspiracy to commit trafficking and the act of trafficking when the evidence showed more than just the exchange of drugs for money." *Id*. ¶ 27.

**{10}** Here, Defendant contends that his convictions were based on one illegal act, as in *Silvas*. [MIO 13-14] Specifically, Defendant argues that his actions as an accessory indicate that he was a conspirator and that such factual overlap resulted in his

7

punishment under separate statutes for the same actions. [MIO 13] We are not convinced.

{11}     We note that the *Silvas* court emphasized the state's focus on a single moment in time—the point at which the narcotics were passed from the defendant's hands to Ortega's hands—as well as the state's reliance on that moment to establish both the agreement and the substantive act of trafficking. *Id.* ¶¶ 19-21. Whereas, in the present case, the State presented evidence that Defendant communicated with Destiny that he would sell a pound of cocaine to the undercover police detectives and communicated the details of the sale, including the location of the sale, to the detectives through Destiny; Defendant accompanied Destiny to the agreed-upon location to meet the undercover detectives; and Defendant and other passengers in a brown Cadillac led the undercover detectives to his brother's house, while Destiny rode with the detectives. These actions are sufficiently separated by time and place from the Defendant's later actions at his brother's home, and the quality and nature of the acts—planning and setting up the sale, in concert with at least Destiny—are sufficiently distinguishable from the "counter surveillance" he undertook during the actual sale conducted by his brother. Therefore, we are not persuaded that the convictions were premised on unitary conduct. *See id.* ¶ 10. As a result, there is no double jeopardy violation. *See Swick*, 2012-NMSC-018, ¶ 11. Consequently, this issue

8

is not viable and does not satisfy the requirements for the granting of a motion to amend the docketing statement. The motion to amend is denied.

{12}     Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

{13}     **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**J. MILES HANISEE, Judge**